### JOHNSON v. THE CLEVELAND, LORAIN AND WHEELING RY. CO.

1. LIABILITY OF COMPANY, WHERE EMPLOYEE DISREGARDS ITS RULES.

Where a company adopts certain rules for the protection of their employees, and an employee disregards them and adopts rules of his own, which failed and by reason of that failure he is injured, such company is relieved from responsibility for such injury.

2. DOCTRINE OF RESPONDEAT SUPERIOR.

A repairer of cars who arranges with the conductor of a train to watch his car, instead of using the signals provided for in such cases by the company, such conductor cannot be held to be a superior to the car repairer, and the doctrine of *respondeat superior* does not apply.

HALE, J.

The case of *Olaff Johnson* v. *The Cleveland, Lorain and Wheeling Railway Company* on error of the court of common pleas has been submitted. Johnson, the plaintiff in error, was the plaintiff below, and sought to recover compensation for personal injuries which he received

while in the employment of the Lake Shore and Michigan Southern Railway company, caused as he alleges by the negligence of that company. On the side tracks of the C. L. & W. railway south of the crossing of the Lake Shore tracks at Elyria, a car belonging to the Lake Shore Ry. company was standing, which needed repairs. Although the car belonged to the Lake Shore company it was to be used upon the C., L. & W. railroad, and before being used by that company was to be repaired.

Johnson was in the employment of the Lake Shore company, his duties being to repair cars in that locality that could be repaired while standing upon the track.

He undertook to repair this car, and while under the car a train that was being made up on the C., L. & W. railway under the charge of a conductor, switched some cars upon the track, where this car was standing, moved the car, killing the conductor, who was under the car at the time, and severely injuring Johnson.

On the trial of the case it was shown that there was a rule of both companies requiring the repairers of cars thus situated to put on each end of the car being repaired a blue flag in the daytime and a blue light at night, and a further rule requiring all employees of the company not to move the car on which there were such signals, the signals indicating there was a man under the car.

Johnson did not put out the signals, he was under the car without obeying the rule of the company, requiring those signals to be placed upon the car.

On the trial of the case there was an offer to show on the part of the plaintiff that he omitted those signals from the car by reason of the direction of the conductor of the C., L. & W. train, or in pursuance of a conversation he had with him in which the conductor agreed to watch and keep other cars from this one under which Johnson was doing his work, and advised and ordered him to dispense with the signals. That proof was rejected by the court.

Evidence was permitted in the case that this conductor directed the brakemen to watch him for signals and not watch for the flags.

The proposition then is, that Johnson who was doing this work could hold the company liable, although he voluntarily dispensed with the signals which the rules of the company required, and substituted a means of his own for his protection, which failed, and by reason of that failure he was injured.

It is argued too, that the conductor was the superior of Johnson, the repairer, and that Johnson was subject to his direction and control. We do not agree with counsel upon that proposition.

Johnson occupied no inferior position to the conductor, nor did the conductor have any control over him, and the case turns upon the proposition that I have named.

Now, we do not think if that testimony had been allowed to go to the jury it would in any way have helped the plaintiff. Indeed, with the proposition out that the conductor of The C., L. & W. train was the superior of Johnson with the right to control him, the fact that he had arranged with the conductor to watch his car instead of putting up the signals required by the company would have a tendency to prove the negligence and carelessness of Johnson rather than the company.

If he set aside the rules of the company and relied upon something he himself had devised it would be a very good reason why he should not hold the company responsible.

Again, if, as he says he was relying upon the conductor to protect him while under the car instead of the flags, it seems that the work was of such a nature as required help and that the conductor when under the car to aid Johnson in his work, so that he knew when the injury happened, he was receiving no protection from the conductor's watchful eye, and he knew he had omitted to put up the flags in accordance with the rules of the company.

The court charged the jury properly as we think, that if this accident whatever it was, was caused by the neglect of Johnson to obey the rules of the company in placing the flags upon the car, and the want of these signals contributed to the injury he received, that he could not recover.

We think that the correct result was reached in this case. We do not see how any other result could be sustained.

The company has made ample rules for the protection of its employees and had Johnson obeyed those rules and the employees of The C., L. & W. had run cars down on to a car upon which signals were placed according to the rules of the company, then he would have had grounds upon which to call that company to an account for causing his injury; as the case stands we do not think he had any. The judgment therefore of the court of common pleas is affirmed.

*A. R. Webber and Lee Stroupe*, for Plaintiff in Error.

*E. G. Johnson and J. M. Lessick*, for Defendant in Error.